UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIONE WADE,

    Petitioner,

v.                                         Civil Action No. 2:12-cv-14713
                                           Honorable Sean F. Cox

KENNETH ROMANOWSKI,

    Respondent.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR AN EVIDENTIARY HEARING AND COUNSEL

This 28 U.S.C. § 2254 matter is before the Court because Petitioner Dione Wade filed a "Motion Requesting a Psychiatric or Psychological Examination." ECF No. 5. The Court construes Petitioner's request as a Motion for an Evidentiary Hearing and Appointment of Counsel. Petitioner is asking for an evidentiary hearing with respect to his competence claim, as well as the assistance of counsel. For the reasons stated below, the Motion is denied without prejudice.

### I. Background

Petitioner is a state prisoner incarcerated by the Michigan Department of Corrections, currently housed at the Macomb Correctional Facility in New Haven, Michigan, where he is serving concurrent sentences for three counts of second-degree murder, four counts of felony firearm, one count of assault with intent to murder, and one count of armed robbery. Petitioner's convictions occurred in the Circuit Court in Wayne County, Michigan, following his guilty plea on March 8, 2010. He was sentenced on March 30, 2010. Subsequently, he filed a Motion for Relief from Judgment with the state trial court, alleging that he was not competent to enter a guilty plea. The trial court denied the Motion. *People v. Wade*, Nos. 09-005717-01, 09-25120-01, 10-1398-01, 10-

2254-01 (Wayne Cnty. Cir. Ct. July 27, 2011). The state appellate courts denied his applications for leave to appeal. *People v. Wade*, No. 305910 (Mich. Ct. App. Dec. 27, 2011); *People v. Wade*, 820 N.W.2d 792 (2012) (Mich.) (Table).

On October 24, 2012, Petitioner filed this Habeas Petition pursuant 28 U.S.C. § 2254.

## II. Evidentiary Hearing

The Court finds that an evidentiary hearing is not warranted at this time. Petitioner's request remains premature.

Rule 8(a) of the Rules Governing Section 2254 Cases states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The district court has discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his or her claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by [section] 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his or her claims if they lack merit. *See Stanford v. Parker*, 266 F.3d 442,

459-60 (6th Cir. 2001); *see also Cullen v. Pinholster*, 563 U.S. ---, 131 S.Ct. 1388 (2011) (holding that habeas review under section 2254(d) is "limited to the record that was before the state court.").

Under the provisions of the AEDPA, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Kirschke v. Prelesnik*, No. 2:11-CV-10654, 20120 WL 246272 (E.D. Mich. Jan. 26, 2012) (citing *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998)).

The Court will deny the Motion because Respondent's Answer and the Rule 5 materials have not been filed; due on April 30, 2013. Without those materials, the Court is unable to determine whether an evidentiary hearing is needed. If, after reviewing those materials, this Court determines that an evidentiary hearing is appropriate, the Court will *sua sponte* order such a hearing. Petitioner need not file any additional motions with respect to this issue.

### III. Appointment of Counsel

Petitioner also has requested the appointment of counsel to assist him with his Habeas Petition. However, there is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an

extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Here, Petitioner has filed a 133-page Petition. He also has attached numerous exhibits to his Habeas Petition. And, obviously, he has been able to file this Motion. With that, the Court concludes that he has the means and ability to present his claims to the Court. Moreover, until the Court has had an opportunity to review all of the pleadings and the Rule 5 materials, it is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Petitioner's request is denied without prejudice. The Court will *sua sponte* revisit this issue if, following its review of the Responsive Pleadings and the Rule 5 materials, the Court determines that an evidentiary hearing is warranted.

## IV. Conclusion

Accordingly, the Court denies without prejudice Petitioner's motion seeking an evidentiary hearing and the appointment of counsel. (ECF No. 5). If, following review of the pleadings and Rule 5 materials, this Court determines that an evidentiary hearing is warranted, this Court will *sua sponte* order an evidentiary hearing and appoint counsel for Petitioner. Petitioner need not file any additional motions with respect to these issues.

SO ORDERED.

Dated: December 10, 2012                                S/ Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Court Judge

I hereby certify that on December 10, 2012, the foregoing document was served upon counsel of record by electronic means and upon Dione Wade by First Class Mail at the address below:

Dione Wade
434839
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048

Dated: December 10, 2012                                S/ J. McCoy
                                                        Case Manager