UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIONE WADE,

        Petitioner,

                              CIVIL NO. 2:12-CV-14713
v.                            HONORABLE SEAN F. COX
                              UNITED STATES DISTRICT COURT

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Dione Wade, ("Petitioner"), presently incarcerated at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for three counts of second-degree murder, Mich. Comp. Laws, § 750.317, one count of assault with intent to commit murder, Mich. Comp. Laws, § 750.83; one count of armed robbery, Mich. Comp. Laws, § 750.529; and four counts of possession of a firearm in the commission of a felony, second offense, Mich. Comp. Laws, § 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

### I. Background

Petitioner pleaded guilty to the above charges in the Wayne County Circuit Court on March 8, 2010 as part of a plea agreement. Petitioner was sentenced on March 30, 2010.

Petitioner did not file a direct appeal from his conviction. Petitioner, with the assistance of

1

counsel, did file a motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.* In his motion for relief from judgment, Petitioner claimed that he was not mentally competent to plead guilty, that counsel was ineffective for failing to object to petitioner's competency to plead guilty or for failing to request a competency examination by an independent forensic examiner, and that the plea bargain was illusory. The trial court denied the motion. *People v. Wade*, Nos. 09-005717-01, 09-25120-01, 10-1398-01, 10-2254-01 (Wayne County Circuit Court July 27, 2011).

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, in which he raised the following claim:

> Did the trial court commit clear error when it denied the motion for relief from judgment and did not even grant a hearing to the defendant on his motion?

The Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Wade*, No. 305910 (Mich. Ct. App. Dec. 27, 2011).

Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, in which he presented the four claims that he raises in his current habeas petition. The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Wade*, 493 Mich. 854, 820 N.W.2d 792 (2012).

Petitioner seeks habeas relief on the following grounds:

> I. Did the trial court commit clear error when it denied the motion for relief from judgment and did not even grant a hearing to the defendant on his motion?
>
> II. Defendant wasn't competent to stand trial nor enter a knowing, intelligent and voluntary plea.
>
> III. The failure by defense counsel to raise objections to defendant's competency and to request a competency examination by an independent forensic examiner, thus deprived defendant of a substantial defense which clearly showed ineffective assistance of counsel.

IV. The obvious question of whether the plea and sentencing agreement that was entered into amounted to an illusory bargain, was raised but not ruled on by the trial court.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for

3

evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

**A. Claim # 1. The claim involving the trial court's denial of Petitioner's post-conviction motion for relief from judgment.**

Petitioner first claims that the state trial court erred in denying his post-conviction motion for relief from judgment without first conducting an evidentiary hearing on the claims raised in his post-conviction motion.

Petitioner is not entitled to habeas relief on his first claim because the issues raised involve alleged deficiencies with his state post-conviction proceedings. This Court notes that "[t]he Sixth Circuit consistently [has] held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*,

794 F. 2d 245, 246 (6th Cir. 1986)(*quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F. 3d at 853 (*quoting Kirby*, 794 F. 2d at 247). Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F. 3d at 853 (*quoting Kirby*, 794 F. 2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted).

In addition, the denial of an evidentiary hearing by a state court on post-conviction review does not state a claim upon which habeas relief can be granted. *See e.g. Cornwell v. Bradshaw,* 559 F. 3d 398, 411 (6th Cir. 2009). Thus, the failure by the state courts to grant petitioner an evidentiary hearing on the claims that he raised in his post-conviction motion would not entitle him to relief. Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel even on direct appeal. *See Hayes v. Prelesnik,* 193 Fed. Appx. 577, 584-85 (6th Cir. 2006). Accordingly, Petitioner is not entitled to habeas relief on his first claim.

### B. Claims # 2, # 3, and # 4. Petitioner's remaining claims are procedurally defaulted.

The Court will discuss Petitioner's three remaining claims together for judicial clarity and economy. Respondent contends that Petitioner's second through fourth claims are procedurally defaulted because Petitioner did not properly exhaust these claims in that he did not raise them in his application for leave to appeal before the Michigan Court of Appeals and no longer has a

5

remedy to properly exhaust these claims.

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

In the present case, the only issue raised by Petitioner in his application for leave to appeal to the Michigan Court of Appeals was his claim that the trial court erred in denying his motion for relief from judgment and did not grant Petitioner an evidentiary hearing on his post-conviction claims. Although Petitioner's counsel mentioned within his appellate brief that Petitioner was not competent to plead guilty, that trial counsel was ineffective for failing to challenge Petitioner's competency, and that the plea bargain was illusory, counsel did not include these claims in his heading in Petitioner's brief before the Michigan Court of Appeals. Because the heading in Petitioner's brief failed to reference the factual basis for any of these substantive claims, none of these claims were fairly presented to the Michigan Court of Appeals, for purposes of the exhaustion requirement. *See Wagner v. Smith,* 581 F. 3d 410, 415-16 (6th Cir. 2009).

Petitioner raised his second through fourth claims for the first time in his application for leave to appeal with the Michigan Supreme Court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, n. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276;

389 N.W. 2d 412 (1986). Therefore, Petitioner's failure to raise his guilty plea and ineffective assistance of counsel claims in his appeal to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the new issues that Petitioner raised in his application for leave to appeal before that court.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Petitioner failed to present his second through fourth claims on his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 Fed. Appx. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006).

Petitioner acknowledges that he failed to present his second through fourth claims to the Michigan Court of Appeals as part of his post-conviction appeal. Petitioner has therefore failed to exhaust his second through fourth claims with the state courts. Unfortunately, Petitioner no longer has any available state court remedies with which to exhaust these claims. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 Fed. Appx. 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner has no remaining state court remedies with which to exhaust his second through fourth claims. If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the

7

state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, n. 3.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless Petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If Petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In his response to respondent's answer, Petitioner contends that his counsel was ineffective for failing to properly present his second through fourth claims in his appellate brief before the Michigan Court of Appeals.

Petitioner is unable to use counsel's failure to properly exhaust his second through fourth claims in his appellate brief before the Michigan Court of Appeals to excuse his default. Petitioner's counsel filed his appeal brief with the Michigan Court of Appeals as a post-conviction

8

appeal after the Wayne County Circuit Court judge had denied Petitioner's post-conviction motion for relief from judgment. [1] Petitioner cannot rely on ineffective assistance of post-conviction counsel as cause because there is no constitutional right to an attorney in post-conviction proceedings. *See Coleman,* 501 U.S. at 752-53, *See also Landrum v. Mitchell,* 625 F. 3d 905, 919 (6th Cir. 2010). Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his second through fourth claims. *Smith*, 477 U.S. at 533.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his second through fourth claims as a ground for a writ of habeas corpus in spite of the procedural default. Any "miscarriage of justice" exception is inapplicable here because petitioner pleaded guilty to the charges and does not claim to be actually innocent. *See Canty v. Cason,* 56 Fed. Appx. 660, 662 (6th Cir. 2003); *Alvarez v. Straub,* 64 F. Supp. 2d 686, 699 (E.D. Mich. 1999).

Finally, assuming that Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his second through fourth claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Wayne County Circuit Court in rejecting Petitioner's post-conviction motion and by the Assistant Michigan Attorney General in her answer to the

---

[1] Petitioner was required to file a post-conviction motion for relief from judgment because he sought to withdraw his guilty pleas more than six months after he had been sentenced. Under M.C.R. 6.310(C), a defendant may file a motion to withdraw the plea within six months after sentence. If a defendant wishes to withdraw a guilty plea more than six months after being sentenced, he or she may do so "only in accordance with the procedure set forth in subchapter 6.500." [The Michigan Court Rule governing post-conviction relief]. *Id.*

petition for writ of habeas corpus, Petitioner has failed to show that his second through fourth claims have any merit.  Petitioner is not entitled to habeas relief on his remaining claims.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's

claims to be debatable or wrong. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**


Dated:  July 15, 2013                             S/ Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Court Judge


I hereby certify that on July 15, 2013, the foregoing document was served upon counsel of record by electronic means and upon Dione Wade by First Class Mail at the address below:

Dione Wade
434839
Woodland Center Correctional Facility
9036 E M-36
Whitmore Lake, MI 48189


Dated:  July 15, 2013                             S/ J. McCoy
                                                  Case Manager

11