**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DIONE WADE,

                    Petitioner,

                              CIVIL NO. 2:12-CV-14713

v.                                HONORABLE SEAN F. COX
                                UNITED STATES DISTRICT COURT

KENNETH ROMANOWSKI,

                    Respondent.
_____/

## OPINION AND ORDER ON REMAND DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, GRANTING THE MOTION TO CORRECT THE RECORD, DENYING THE MOTION FOR AN EVIDENTIARY HEARING, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter is on remand from the United States Court of Appeals for the Sixth Circuit. Dione Wade, ("petitioner"), presently incarcerated at the Handlon Correctional Facility in Ionia, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed both *pro se* and through attorney Douglas R. Mulkoff, petitioner challenges his conviction for three counts of second-degree murder, Mich. Comp. Laws, § 750.317, one count of assault with intent to commit murder, Mich. Comp. Laws, § 750.83; one count of armed robbery, Mich. Comp. Laws, § 750.529; and four counts of possession of a firearm in the commission of a felony [felony-firearm], second offense, Mich. Comp. Laws, § 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

1

## I. Background

Petitioner was originally charged with three counts of first-degree murder, one count of assault with intent to commit murder, one count of armed robbery, and four counts of felony-firearm, second offense.

On March 8, 2010, petitioner pleaded guilty to three reduced charges of second-degree murder and to the other charges, in exchange for dismissal of the three first-degree murder charges and an habitual offender enhancement. The parties also agreed that petitioner would be sentenced to 40 to 80 years in prison on the second-degree murder charges, 20 to 50 years on the assault with intent to murder and robbery counts, and a consecutive 5 year sentence on the felony-firearm counts. (Tr. 3/8/10, pp. 3-9). At the plea hearing, petitioner responded to the trial judge's questions. Petitioner told the judge that he was satisfied with his attorney's service, understood the charges and maximum sentences, had discussed the plea bargain with his attorney and understood the agreement, understood the rights he was waiving by pleading guilty, had not been threatened or coerced into pleading guilty, was pleading guilty of his own free will, and had not been promised anything other than the agreement placed on the record. (*Id.,* pp. 4-6, 10-11).

On March 30, 2010, petitioner was sentenced in accordance with the agreement.

Petitioner did not file a direct appeal from his conviction. Petitioner, with the assistance of counsel, filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* In his motion for relief from judgment, petitioner claimed that he was not mentally

2

competent to plead guilty, that counsel was ineffective for failing to object to petitioner's competency to plead guilty or for failing to request a competency examination by an independent forensic examiner, and that the plea bargain was illusory. The trial court denied the motion. *People v. Wade*, Nos. 09-005717-01, 09-25120-01, 10-1398-01, 10-2254-01 (Wayne County Circuit Court July 27, 2011).

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, in which he raised the following claim:

> Did the trial court commit clear error when it denied the motion for relief from judgment and did not even grant a hearing to the defendant on his motion?

The Michigan Court of Appeals denied petitioner's application for leave to appeal. *People v. Wade*, No. 305910 (Mich. Ct. App. Dec. 27, 2011).

Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, in which he presented the four claims that he raised in the habeas petition. The Michigan Supreme Court denied petitioner leave to appeal. *People v. Wade*, 493 Mich. 854, 820 N.W.2d 792 (2012).

Petitioner sought habeas relief on the following grounds:

> I. Did the trial court commit clear error when it denied the motion for relief from judgment and did not even grant a hearing to the defendant on his motion?
>
> II. Defendant wasn't competent to stand trial nor enter a knowing, intelligent and voluntary plea.
>
> III. The failure by defense counsel to raise objections to defendant's competency and to request a competency examination by an independent

forensic examiner, thus deprived defendant of a substantial defense which
clearly showed ineffective assistance of counsel.

IV. The obvious question of whether the plea and sentencing agreement that
was entered into amounted to an illusory bargain, was raised but not ruled on
by the trial court.

This Court denied petitioner's first claim on the ground that errors in state post-
conviction proceedings are non-cognizable on habeas review. *Wade v. Romanowski*, No.
2:12-CV-14713, 2013 WL 3724789, at * 2-3 (E.D. Mich. July 15, 2013). This Court ruled
that petitioner's remaining claims were procedurally defaulted because petitioner did not
properly exhaust these claims in that he did not properly raise them in his application for
leave to appeal before the Michigan Court of Appeals, because he did not include these
claims in the heading or statement of questions of his brief, and no longer had a remedy to
properly exhaust these claims. The Court further found that petitioner failed to establish
cause for failing to properly exhaust these claims or prejudice, so as to excuse his procedural
default. The Court further ruled that petitioner failed to present any new reliable evidence
to support any assertion of innocence which would allow this Court to consider his second
through fourth claims as a ground for a writ of habeas corpus in spite of the procedural
default. *Id.,* * 3-5.

Significantly, this Court also included the following statement in denying habeas
relief:

Finally, assuming that petitioner had established cause for his default, he
would be unable to satisfy the prejudice prong of the exception to the
procedural default rule, because his second through fourth claims would not

4

entitle him to relief.   The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007).  For the reasons stated by the Wayne County Circuit Court in rejecting petitioner's post-conviction motion and by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, *petitioner has failed to show that his second through fourth claims have any merit.*   Petitioner is not entitled to habeas relief on his remaining claims.

*Id.* at * 5 (emphasis added).

Petitioner filed a notice of appeal with the Sixth Circuit.   A majority of the Sixth Circuit reversed the Court.  The Sixth Circuit ruled that petitioner had properly presented his second through fourth claims in his brief before the Michigan Court of Appeals, even though he did not raise the claims in his statement of questions, as required by Michigan Court rules and as required to satisfy the exhaustion requirement. *See e.g., Wagner v. Smith,* 581 F. 3d 410, 415-16 (6th Cir. 2009).  The Sixth Circuit believed that it was sufficient that petitioner raised these claims in the "body of his brief."  The Sixth Circuit further held that there was no procedural default because the Michigan Court of Appeals did not expressly base its decision to deny petitioner's post-conviction appeal on the ground that he failed to raise his second through fourth claims in the statement of questions.  The Sixth Circuit remanded the case to this Court to appoint counsel and to address the merits of petitioner's second through fourth claims. *Wade v. Romanowski,* No. 13-2073, * 4 (6th Cir. April 8, 2015).  The Sixth Circuit did not mention the fact that this Court at the end of the opinion did reject petitioner's second through fourth claims on the merits, at least in connection with finding that petitioner failed to satisfy the prejudice prong of the procedural default rule.

5

Judge McKeague dissented from the majority's ruling. Judge McKeague questioned the rationale to remand in light of the utter meritlessness of petitioner's claims. The Court quotes it in its entirety:

> The majority remands for a determination on the merits when it is clear from the record that the undisputed facts demonstrate that Wade's petition is meritless. Because a remand would be fruitless, I respectfully dissent.
>
> Wade first claims that he was incompetent to stand trial or enter a plea. A defendant is competent to do so if he "has (1) sufficient present ability to consult with a lawyer with a reasonable degree of rational understanding, and (2) a rational and factual understanding of the proceedings against him." *United States v. Abdulmutallab*, 739 F.3d 891, 899 (6th Cir. 2014) (*citing Dusky v. United States*, 362 U.S. 402 (1960); *Godinez v. Moran*, 509 U.S. 389, 399 (1993)). A state court's competency determination is a factual finding entitled to a presumption of correctness by a federal habeas court, rebuttable only by clear and convincing evidence. *See Cowans v. Bagley*, 639 F.3d 241, 248 (6th Cir. 2011).
>
> In denying his motion for relief from judgment, the trial court found Wade to be competent based on several psychological reports from state agencies. In Wade's initial competency determination, the state agency concluded that Wade was incompetent to stand trial, but that his competency could be restored with treatment. Wade was then admitted to a facility for treatment, but was dismissed one week later when it was determined that not only was he competent but that he was likely malingering and feigning symptoms. Another evaluation confirmed his competence, but concluded that he may not be "capable of assisting in his defense in a rational manner" and that he may be "disruptive or uncooperative during proceedings." But significantly, the report corroborated the conclusion that he was malingering, finding that any disruptive behavior would be a result of his own decision-making rather than any underlying psychological symptoms. Despite this evidence, Wade disputes the reasonableness of the state's determination, asserting that he is currently being housed in a state correctional facility for prisoners with serious mental illness, that his trial attorney had doubts about his competence, and that he laughed when he entered into his plea agreement in court, mistakenly believing he would be paroled. This evidence is not sufficient to undermine the reasonableness of the trial court's finding, supported by multiple psychological

6

reports, that Wade was competent to stand trial and enter a guilty plea.

Wade also claims that he did not enter a knowing and voluntary guilty plea. It is the state's burden to show that a guilty plea is voluntary and intelligent. The state typically satisfies this burden by producing a transcript of the sentencing hearing evidencing that the plea was made voluntarily and knowingly. *See McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004). When the state has done so, the state court's factual finding is "accorded a presumption of correctness"and a habeas petitioner faces a "heavy burden" in seeking to overturn his or her plea. *Garcia v. Johnson*, 991 F.2d 324, 326, 328 (6th Cir. 1993).

Here, the trial transcript shows that the court explained extensively the charges against him, the potential penalties he could face, the effect of his plea agreement, and the rights he would be waiving. Critically, the court asked Wade if he was entering the plea voluntarily and whether he understood its impact; Wade replied affirmatively to both questions. Wade has not presented sufficient evidence to overcome this showing.

Wade also brings an ineffective-assistance-of-trial-counsel claim, arguing that his counsel failed to raise objections based on his competency. An attorney is constitutionally ineffective if his representation was objectively unreasonable and prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Because the trial court determined that Wade was competent following a state mental health evaluation, his attorney had scant basis to lodge objections about his competence. The state court's denial of this claim was not unreasonable.

Finally, Wade claims that his plea bargain was illusory because it had no real value. A plea agreement that is illusory is not made knowingly and voluntarily. *United States v. Randolph*, 230 F.3d 243, 251 (6th Cir. 2000). Here, Wade faced several counts of first-degree murder, which carry a mandatory sentence of life-without-parole under Michigan Compiled Laws § 750.316. His plea agreement, though, permitted him to plead guilty to second-degree murder with the possibility of parole. The potential for parole was a "bargained-for benefit" of the plea bargain. *McAdoo,* 365 F.3d at 498. Thus, the plea agreement was not illusory. *See id*.

Again, the state court's decision was not unreasonable. For these reasons, I would deny the petition on the merits. I accordingly dissent.

7

*Wade,* Slip. Op. at * 5-7 (McKeague, J., dissenting).

On remand, the Court appointed the Federal Public Defender to represent petitioner. The Federal Public Defender subsequently filed a motion to correct the record and a motion to withdraw as counsel due to a breakdown in the attorney-client relationship. The motion to withdraw was granted. The motion to correct the record is pending. Mr. Mulkoff was appointed to replace the Federal Defender Office. Mr. Mulkoff filed a motion for an evidentiary hearing. Respondent opposes the motion.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An

"unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments

9

or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. As long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable,

a habeas petitioner is not entitled to relief from his conviction. *See Woods v. Etherton,* No. 15-723, 2016 WL 1278478, at *3 (U.S. April 4, 2016).

### III.  Discussion

**A.  The motion to correct the record is GRANTED.**

Petitioner's first attorney filed a motion to correct the record to reflect the fact that contrary to petitioner's allegations made in his original petition and before the state courts, trial counsel did request and obtain an independent forensic examination as to petitioner's competency.  The order appointing Dr. Steven R. Miller is attached to the motion.  Dr. Miller met with petitioner on November 23, 2009, after which he issued a report on December 4, 2009, in which Dr. Miller determined that petitioner was mentally competent to stand trial.

Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition."  A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).  The decision whether to expand a habeas record is within the sound discretion of the district court. *See West v. Bell,* 550 F.3d 542, 551 (6th Cir.

11

2008).

The Court grants the motion to correct the record, because it will aid in the resolution of petitioner's claims.

### B. The motion for an evidentiary hearing is DENIED.

In his motion for an evidentiary hearing, petitioner now concedes that his trial attorney obtained a court order granting him an independent forensic evaluation, which was conducted by Dr. Miller. Dr. Miller in his report claims that he met with petitioner for 2 ½ hours, after which he found him competent to stand trial. Petitioner claims in an affidavit signed on February 23, 2016 that Dr. Miller only met with him for 15 to 20 minutes. Petitioner contends that if his own recollections are correct, he was denied due process because he never received an adequate independent forensic evaluation. Petitioner requests an evidentiary hearing to resolve the potential conflict between Dr. Miller's statement that he met with petitioner for 2 ½ hours and petitioner's claim that the two met for only 15 to 20 minutes.

Petitioner is not entitled to an evidentiary hearing because he never raised a claim before the state courts alleging the inadequacy of Dr. Miller's independent forensic evaluation and no longer has an available state court remedy with which to do so.

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). A prisoner confined pursuant to a Michigan

12

conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner never raised a claim before the Michigan courts alleging that Dr. Miller's independent competency evaluation was inadequate. Petitioner no longer has any available state court remedies with which to exhaust this claim. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 F. App'x 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner is not entitled to an evidentiary hearing because he did not exhaust any claim involving the alleged inadequacy of Dr. Miller's competency evaluation with the state courts and is now procedurally barred under Michigan law from raising this claim. *See e.g. Alley v. Bell,* 307 F. 3d 380, 388-90 (6th Cir. 2002).

### C. Claims # 2 and # 4.  The involuntary plea claims.

The Court consolidates petitioner's second and fourth claims for judicial economy. In his second claim, petitioner alleges that his plea was involuntary because he was not mentally competent to plead guilty. In his fourth claim, petitioner contends that his plea was involuntary, because the plea and sentence bargain was illusory.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x 515, 521 (6th Cir. 2013).

13

Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748(E.D. Mich. 2005).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

Petitioner alleges in his second claim that his plea was involuntary because he was not mentally competent to plead guilty.

A defendant may not be put to trial unless he or she has a sufficient present ability

14

to consult with his or her lawyer with a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against him. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). The competency standard for pleading guilty is the same as the competency for standing trial and is not a higher standard. *Godinez v. Moran*, 509 U.S. 389, 398 (1993).

A habeas petitioner's mental competency claims "can raise issues of both substantive and procedural due process." *Hastings v. Yukins,* 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002). A habeas petitioner may make a procedural competency claim by alleging that the state trial court failed to conduct a competency hearing after the petitioner's mental competency was put in issue. However, to succeed on the procedural claim, a habeas petitioner must establish that the state trial judge ignored facts which raised a "*bona fide* doubt" regarding petitioner's competency to stand trial. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d 1339, 1343 (10th Cir. 1999)(internal citations omitted); *Hastings,* 194 F. Supp. 2d at 670. Evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinions on competence to stand trial are all relevant in determining whether further inquiry by a trial court on a defendant's mental state is required, but even one of these factors standing alone, may in some circumstances, be sufficient to trigger a further inquiry into a defendant's mental fitness to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). However, there are no fixed or immutable signs which invariably indicate the need for a further inquiry to determine the fitness to proceed.

15

*Id.* There must be some manifestation or conduct on a habeas petitioner's part "to trigger a reasonable doubt as to his or her competency." *Hastings v. Yukins,* 194 F. Supp. 2d at 671. A trial court is permitted to rely on its own observations of the defendant's comportment or demeanor to determine whether that defendant is competent to stand trial. *Id.* (*citing to Bryson v. Ward*, 187 F. 3d 1193, 1201 (10th Cir. 1999)).

A full competency hearing is necessary only when a court has a reason to doubt a defendant's competency to stand trial or to plead guilty. *Godinez v. Moran*, 509 U.S. at 401, n. 13. "The due-process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). The question for a reviewing court is "[w]hether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000)(quoting *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983)(additional quotation omitted).

"A state-court determination of competence is a factual finding, to which deference must be paid." *Franklin,* 695 F. 3d at 447 (citing *Thompson v. Keohane*, 516 U.S. 99, 108–11 (1995)). A state court's factual determination regarding a defendant's competency to plead guilty is also entitled to the presumption of correctness in habeas corpus proceedings. *Hastings v. Yukins,* 194 F. Supp. 2d at 670. Petitioner has the burden of

16

rebutting the presumption of correctness of the state court's determination of his competency by clear and convincing evidence. *Doughty v. Grayson,* 397 F. Supp. 2d 867, 876 (E.D. Mich. 2005). Moreover, regardless of whether a federal habeas court would reach a different conclusion regarding a habeas petitioner's competence to stand trial were it reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary, and this deference must be paid even to state-court factual findings made on appeal. *Franklin,* 695 F. 3d at 447.

In rejecting petitioner's second claim in his post-conviction motion, the state trial judge made a factual finding that petitioner was competent at the time he entered his guilty plea. *People v. Wade*, Nos. 09-005717-01, 09-25120-01, 10-1398-01, 10-2254-01, * 2 (Wayne County Circuit Court July 27, 2011).

Petitioner's procedural competency claim fails because there is no evidence in the record which should have raised a *bona fide* doubt with the trial court as to petitioner's competency to plead guilty. Petitioner is not entitled to relief because he failed to show that the judge was "clearly wrong" in believing the reports finding petitioner competent to stand trial or that the judge's decision that petitioner was competent to stand trial or plead guilty was an unreasonable determination of the facts. *See Franklin v. Bradshaw*, 695 F.3d at 449.

A habeas petitioner can also raise a substantive competency claim by alleging that he was tried and convicted while mentally incompetent. However, a habeas petitioner raising a substantive claim of incompetency is not entitled to a presumption of incompetency

17

and must demonstrate his or her incompetency by a preponderance of the evidence. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d at 1344; *Hastings v. Yukins,* 194 F. Supp. 2d at 671.  To obtain habeas relief on a substantive incompetence claim, a habeas petitioner must present evidence which is sufficient "to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to his mental capacity" to stand trial. *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)(internal quotations omitted).   A habeas petitioner is entitled to an evidentiary hearing on the issue of his competency to stand trial "if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court." *Id.*  However, "[A]lthough retrospective determinations of competency are not prohibited, they are disfavored, and the Court will give considerable weight to the lack of contemporaneous evidence of petitioner's incompetence." *Thirkield,* 199 F. Supp. 2d at 653.

Petitioner has failed to present evidence which clearly and unequivocally raises a substantial and legitimate doubt as to his mental capacity to plead guilty.  Although the State Department of Community Health (DCH) issued a report on April 13, 2009 finding petitioner was not competent to stand trial, the report concluded with the writer's opinion that petitioner could "be restored to competency. . . if he was to be provided with appropriate treatment in a structured residential facility." [1]

Petitioner was then admitted for treatment to the DCH's Center for Forensic

---

[1]  *See* Petitioner's Exhibit A-2 attached to the Petition For Writ of Habeas Corpus.

Psychiatry (CFP) for treatment on May 6, 2009. CFP found indications that petitioner was malingering. Subsequent psychological testing revealed that "probable feigning of all symptom types exist [sic]. . ." On May 13, 2009, CFP discharged petitioner with a recommendation that he was competent to stand trial. [2]

The trial court subsequently appointed Dr. Miller to conduct an independent forensic evaluation. Dr. Miller met with petitioner on November 23, 2009. Dr. Miller issued a report on December 4, 2009. Dr. Miller found petitioner competent to stand trial and not legally insane. Significantly, Dr. Miller opined that petitioner was "attempting to manipulate the assessment process," "not entirely credible" and most likely "exaggerating symptoms of mental illness." [3]

A final competency evaluation report was issued in January 2010. Although the examiner found petitioner to be uncooperative, the examiner found that "it does not appear that [he] was suffering from severe psychological symptoms of any kind at the time of the examination." And although the examiner found that petitioner had not demonstrated "that he understood the nature of criminal proceedings at the time of the current interview, and he also did not demonstrate that he would in all respects be capable of assisting in his defense in a rational manner," it was the examiner's opinion that, if petitioner "were to be disruptive, or uncooperative, . . . this would be a result of a decision on his part to behave

---

[2] *See* Petitioner's Exhibit A-3 attached to the Petition For Writ of Habeas Corpus.

[3] *See* Exhibit 5 attached to the Motion for An Evidentiary Hearing.

19

inappropriately, rather than being a result of any severe psychological symptoms." [4]

Petitioner has presented no evidence that he was unable to understand the proceedings against him or assist his attorney. The trial judge engaged in a lengthy colloquy with petitioner, in which he clearly and lucidly answered the judge's questions in an appropriate manner. There is nothing in the record to indicate that petitioner did not understand the proceedings or responded inappropriately to the judge's questions or to his own counsel's comments. Significantly, nothing in the record establishes that petitioner was sleeping, drowsy, or unable to participate in the proceedings. Petitioner has presented no evidence that he was not in possession of his mental facilities at the time that he entered his plea of guilty, therefore, any "after the fact" incompetency claim would be without merit. *See United States v. Calvin,* 20 F. App'x 452, 453 (6th Cir. 2001); *Hastings v. Yukins,* 194 F. Supp. 2d at 672. Petitioner is not entitled to habeas relief on this claim because there was nothing in the guilty plea transcript to indicate that he could not understand the proceedings or was unable to make an intelligent decision to plead guilty. *See* e.g., *Thirkield,* 199 F. Supp. 2d at 653; *Hoffman v. Jones*, 159 F.Supp.2d 648, 655-57 (E.D. Mich. 2001). Petitioner is not entitled to habeas relief on his second claim.

In his fourth claim, petitioner argues that the plea bargain was illusory.

A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d

---

[4] *See* Petitioner's Exhibit A-3 attached to the Petition For Writ of Habeas Corpus.

20

243, 250-51 (6th Cir. 2000).  Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994).

Petitioner's plea agreement was not illusory.  The prosecutor agreed to dismiss the original three first-degree murder charges, which carried a mandatory nonparolable life sentence.  The prosecutor also dismissed the habitual offender charge.  The plea bargain called for a sentence agreement of 40 to 80 years on the second-degree murder charges. This Court concludes that the plea agreement was not illusory because petitioner was promised the dismissal of charges which therefore amounted to a real, tangible benefit in consideration for the plea. *See Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994).  Because petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he is therefore not entitled to habeas relief. *See McAdoo v. Elo,* 365 F. 3d 487, 498 (6th Cir. 2004).

### D.  Claim # 3.  The ineffective assistance of counsel claim.

In his third claim, petitioner argues that trial counsel was ineffective for failing to request a competency hearing and for failing to request an independent competency evaluation.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must

demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.   Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

As this Court indicated in rejecting petitioner's second claim, petitioner has presented no evidence that he was not mentally competent at the time he entered his plea of guilty. The state trial judge who accepted his plea factually found that petitioner was mentally

competent at the time that he pleaded guilty and the record from the guilty plea supports this finding. Counsel's failure to request a competency hearing did not prejudice petitioner, so as to support claim of ineffective assistance of counsel, when a "reasonable judge, situated as was trial judge who accepted defendant's guilty plea, would not have experienced doubt" about petitioner's competency. *See Nemzek v. Jamrog*, 93 F. App'x 765, 766-67 (6th Cir. 2004).

Petitioner is not entitled to habeas relief on his second ineffective assistance of counsel claim because his trial attorney did request the appointment of an independent psychologist to evaluate petitioner, which the judge granted. Dr. Miller examined petitioner and found him competent to stand trial. Because counsel did obtain an independent evaluation of petitioner, he is not entitled to relief on this claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

The Court **GRANTS** the motion to correct the record (Dkt. # 30).

The Court **DENIES** the motion for an evidentiary hearing (Dkt. # 35).

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 19, 2016

24

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DIONE WADE,

                 Petitioner,

                                    CIVIL NO. 2:12-CV-14713
v.                                HONORABLE SEAN F. COX
                                UNITED STATES DISTRICT COURT

KENNETH ROMANOWSKI,

                 Respondent.
_____/

PROOF OF SERVICE

     I hereby certify that a copy of the foregoing document was served upon counsel of

record on April 19, 2016, by electronic and/or ordinary mail.

                                    S/J.McCoy_____
                                    Case Manager