UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION WADE,

    Petitioner,               Case Number 2:12-CV-14713
                                     HONORABLE SEAN F. COX
v.                             UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

    Respondent,
_____/

## OPINION AND ORDER TRANSFERRING THE MOTION FOR RECONSIDERATION REGARDING THE SUCESSIVE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 47) TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Dione Wade, ("Petitioner"), filed a motion for permission to file a successive habeas petition with the United States Court of Appeals for the Sixth Circuit, which was denied. *In Re Wade,* No. 20-1583 (6th Cir. Oct. 5, 2020). Petitioner has now filed a motion for reconsideration of that decision, but with this Court. For the reasons that follow, the Clerk of the Court is directed to transfer that motion to the Sixth Circuit.

### I. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document

1

to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner's motion for reconsideration of the Sixth Circuit's decision to deny petitioner permission to file a second habeas petition is not properly before this Court. This Court lacks jurisdiction to entertain a § 2244 motion. *See Riggleman v. W. Virginia Dep't of Corr.*, 174 F. App'x. 168, 169, n. 1 (4th Cir. 2006). This Court should instead forward the motion to the Sixth Circuit for their determination whether petitioner should be permitted to file a second habeas petition. *Id.*

Accordingly, the Clerk of Court is ordered to transfer the motion for reconsideration to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## II. ORDER

**IT IS ORDERED** that the Clerk shall transfer the "Motion For Reconsideration" (**ECF No. 47**) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: January 12, 2021         s/Sean F. Cox
                                Sean F. Cox
                                U. S. District Judge